DEIRDRE A. GORMAN (#3651)
Attorney for Defendant
205 26th Street, Suite 32
Bamberger Square Building
Ogden, Utah 84401
Telephone: (801) 394-9700
dagorman@qwestoffice.net

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| UNITED STATES OF AMERICA, | / | **DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS, OBJECTIONS & REQUEST TO STRIKE** |
|---|---|---|
| Plaintiff, | / | |
| vs. | / | |
| DARIN FRONK CLARK, | / | Case No. 1:11-CR-00087TC |
| Defendant. | / | |

COMES NOW the Defendant DARIN FRONK CLARK, by and through his attorney, DEIRDRE A. GORMAN, and hereby submits the following position pursuant to DUCrim32-1, with respect to his sentencing which is to take place on February 11, 2013. Defense counsel and Defendant have received and reviewed the Presentence Report prepared by the Probation Office of the United States District Court for the District of Utah.

The Defendant does have **objections and/or corrections** to the report, and also a request that the unproved, irrelevant and superfluous verbiage contained in the Presentence Report be stricken.

The Defendant, however, has no objection to the calculations provided by United States Probation, how they are applicable to him and how they impact his case.

PART A - THE OFFENSE

<u>The Offense Conduct</u>

As per **paragraph 8**: Mr. Clark objects to the last two sentences of this paragraph being included in the PSR for several reasons. Primarily, because the event never happened, and there is no evidence to suggest that it did other than the victim's statement. Secondly, because of the minimum mandatory nature of this sentence of 15 years such alleged "relevant conduct" has no bearing on the impact of Mr. Clark's sentence.

As per **paragraph 9**: Mr. Clark admits that for the most part this paragraph is accurate. However, what is not true and what he emphatically denies, is the portion alleging "the assistance with respect to the tampons." Again, there is no proof that this occurred and it is a he said/she said situation. Under the circumstances, this does not add to nor take away from the fact that Mr. Clark is facing a 15-year mandatory sentence, and to leave it in would be pejorative.

PART C: OFFENDER CHARACTERISTICS

<u>Personal and Family Data</u>

As per **paragraph 33**: When Mr. Clark left the family home in February 2011, he provided financial support for his family on a monthly basis. In anticipation of his lengthy prison term and the desire to "tie up loose ends," before he leaves, Mr. Clark and his wife are in the processes of finalizing their divorce proceeding. After Mr. Clark entered his plea of guilty in July of 2012, he was informed that he had "overpaid" what the "schedule" called for in the approximate amount of $4,000.00.

As per **paragraph 36**: The PSR correctly states that Mr. Clark had major back surgery at the

ages of 17 and 18 years of age. His surgeries were to remove a tumor and to insert metal rods along his spine. Because of these surgeries and the metal rods his back still causes him pain, he has lifting restrictions and is prone to migraine headaches.

As per **paragraph 37**:   The PSR is correct in that Mr. Clark suffers from migraines. He is under the care of Dr. Thomas M. Mathews, who prescribes Ibuprofen for his pain.

As per **paragraph 38**:   Mr. Clark experiences chronic knee pain, which has been documented in medical records for the past several years. He is currently in physical therapy at Mountain West Physical Therapy and is anticipating surgery for a torn meniscus. His treating physician is Dr. Mathews and he has been prescribed Naprosyn and Prednisone.

Mr. Clark has been diagnosed with Gastro-Esophageal Reflux Disease (GERD). He is under the care of Dr. Mathews. He has been prescribed Prilosec and Simvastatin which he takes on a daily basis.

Mr. Clark suffers from pre-diabetes and also has high cholesterol. A resent blood panel indicates that his cholesterol is 266 and his triglycerides are 409.

Mr. Clark has a hearing loss of 52%. He is under the care of Dr. Niki L. Barwick, AuD and has been wearing hearing aids for the past 12 years.

As per **paragraph 39**: It is correct that the Defendant has suffered from depression for the past 24 years or so. However, Simvastatin has not been prescribed for depression, but for his GERD. He is prescribed Clonazepam for his depression and anxiety.

Mr. Clark is currently prescribed Naprosyn, Clonazepam, Simvastatin and Omeprazole for his medical concerns.

Financial Condition: Ability to Pay

As per **paragraph 46**: It is Mr. Clark's understanding that shortly after he left the marital home, so did Mrs. Clark and the children. As such, the home is in foreclosure due to Mrs. Clark not paying the house payments which was the intent of Mr. Clark when he gave her the money. Mr. Clark believes the equity in the home is in the negative

## CONCLUSION

As the Presentence Report suggest, Mr. Clark should be sent to a Bureau of Prisons medical facility for an evaluation for his various medical problems and concerns. After the evaluation he is hopeful that the Court recommend that he be designated to Terminal Island FCI.

RESPECTFULLY SUBMITTED this 14th day of January, 2013.


*/s Deirdre A. Gorman*
DEIRDRE A. GORMAN
Attorney for Defendant

## CERTIFICATE OF SERVICE

  I hereby certify that on <u>January 14, 2013</u>,  I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Carol A. Dain
Assistant United States Attorney
carol.daine@usdoj.gov

Heidi Groussman
United States Probation Officer
heidi_groussman@usp.uscourt.gov

                <u> /s/ S. Mumford                          </u>
                Secretary