1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6              FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

7

8

9

    _____
10                                           )
    UNITED STATES OF AMERICA,                )
11                                           )
                                             )
12                                           )
                    Plaintiff,               )
13                                           )
         vs.                                 )    Case 1:11CR0087
14                                           )
                                             )
15  DARIN FRONK CLARK,                       )
                                             )
16                  Defendant.               )
                                             )
17  _____)

18

19                  BEFORE THE MAGISTRATE BROOK WELLS

20                         JUNE 20, 2012

21              REPORTER'S TRANSCRIPT OF PROCEEDINGS

22                    CHANGE OF PLEA HEARING

23

24
             Reported by:  KELLY BROWN, HICKEN CSR, RPR, RMR
25

1

1                     A P P E A R A N C E S

2    FOR THE PLAINTIFFS:   OFFICE OF THE US ATTORNEY

3                         BY: CAROL A. DAIN

4                           Attorney at Law

5                         185 SOUTH STATE STREET, 400

6                         Salt Lake City, Utah  84111

7

8    FOR THE DEFENDANT:   DEIRDRE A. GORMAN

9                         Attorney at Law

10                        205 26TH ST., STE 32

11                        OGDEN, UTAH  84401

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          SALT LAKE CITY, UTAH, WEDNESDAY, JUNE 20, 2012

2                          *   *   *   *   *

3          THE COURT:  Good afternoon, everyone.  The first

4     matter for consideration on this afternoon's calendar is case

13:15:21  5     Number 1:11-CR-87 assigned to Judge Campbell.  This is

6     United States of America vs. Darin Fronk Clark.  United States

7     is represented by Ms. Carol Dain.  Mr. Clark is personally

8     present with counsel Ms. Deirdre Gorman.

9          Let me indicate that prior to this hearing, a half

13:15:45 10     an hour or so ago, I ran into Mr. Clark, and maybe it's his

11     mom in the hallway as they were looking for this courtroom.  I

12     gave them directions, but we did not have any discussions

13     about the matter.

14          Mr. Clark, it's my understanding, sir, that you

13:16:07 15     have reached an agreement with the United States whereby you

16     intend to offer a plea of guilty to Count One of the

17     indictment, which is a violation of Title 18 United States

18     Code Section 2251A, production of child pornography.  Is that

19     your intention today, sir?

13:16:30 20          THE DEFENDANT:  Yes.

21          THE COURT:  Sir, your case is assigned to District

22     Judge Tena Campbell.  I am a magistrate judge.  And you are

23     entitled to have Judge Campbell consider and accept your plea

24     except in a circumstance where she has referred this to me and

13:16:53 25     you have consented to my contemplation of taking your plea and

1    my authority over this hearing.  And I have received a

2    document entitled, Consent to Entry of Plea of Guilty Before

3    the Magistrate Judge and Order of Reference, which was signed

4    by you.

13:17:16  5         Do you understand, sir, that even if you consent to

6    my consideration and potential acceptance of your plea today

7    that sentencing authority and further legal jurisdiction over

8    the case would remain with Judge Campbell?

9              THE DEFENDANT:  Yes.

13:17:36 10              THE COURT:  All right.  Knowing that, sir, do you

11   still consent to my consideration of your plea today?

12              THE DEFENDANT:  Yes.

13              THE COURT:  All right.  Then based upon that

14   discussion in court, as well as receipt of the written consent

13:17:53 15   form, I will accept that consent, and this document will

16   become part of the record in this case.  I also acknowledge at

17   this time receipt of an additional document which is sealed

18   which is accepted in the general course of business now within

19   the Court, which will also become part of the agreement.

13:18:17 20         Mr. Clark, you are presently charged by indictment

21   with the offense of production of child pornography.  Do you

22   understand, sir, that if you plead guilty today United States

23   will be relieved of all responsibility to prove that charge

24   against you?

13:18:40 25              THE DEFENDANT:  Yes.

1          THE COURT:  And do you understand, sir, that in the

2     event you went to trial on the matter you could not be

3     convicted of that offense unless the evidence of the

4     United States proved each of the following elements beyond a

13:18:59  5     reasonable doubt:  First, that you, sir, knowingly employed,

6     used, persuaded, induced, enticed or coerced; second, any

7     minor; third, to engage in any sexually explicit conduct;

8     fourth, for the purpose of producing any visual depiction of

9     such conduct; and, fifth and finally, and knows -- and there

13:19:30 10     it's referring to you, sir, and knows or has reason to know

11     that the visual depiction was produced using materials that

12     have been transported in interstate commerce.

13          Do you understand those to be the elements of the

14     offense to which you intend to offer a plea of guilty?

13:19:50 15          THE DEFENDANT:  Yes.

16          THE COURT:  All right.  Sir, do you understand that

17     if I should accept your plea to that offense today that the

18     maximum possible penalty provided by law for that offense is a

19     maximum term of imprisonment of 30 years and a manditory

13:20:11 20     minimum term of 15 years and a fine of $250,000 -- $250,000

21     followed by a term of supervised release of up to life?  Do

22     you understand those to be the maximum possible penalties you

23     face?

24          THE DEFENDANT:  Yes, I do.

13:20:29 25          THE COURT:  Sir, do you understand if during the

1    period of time that you are on supervised release you violate

2    those terms you could be returned to prison for the length of

3    time provided by federal statute?

4              THE DEFENDANT:  Yes.

13:20:45 5              THE COURT:  Additionally, sir, do you understand

6    that at the time that sentence is imposed upon you if I accept

7    your plea that Judge Campbell will be required to impose

8    against you an assessment in the amount of $100 for each

9    offense of conviction, and that it's required by federal

13:21:08 10   statute?

11             THE DEFENDANT:  Yes.

12             THE COURT:  All right.  And in this instance, if I

13   accept your plea, that would be for a total of $100.

14             Sir, have you reviewed carefully with Ms. Gorman

13:21:22 15   the sentencing procedures that are in place for this case if

16   your plea is accepted?

17             THE DEFENDANT:  Yes.

18             THE COURT:  Do you understand that an ultimate

19   sentence calculation will be determined pursuant to United

13:21:41 20   States Sentencing Guidelines?  And those are calculations

21   which I'm sure Ms. Gorman has gone over with you.  Do you

22   understand that?

23             THE DEFENDANT:  Yes.

24             THE COURT:  All right.  And that at the time of

13:21:53 25   sentencing, the Court, Judge Campbell, must consider but will

1    not be bound by those United States Sentencing Guideline

2    calculations in determining your sentence.  And do you also

3    understand that the final calculation of a sentence by the

4    Court, Judge Campbell, may differ from any calculation made by

13:22:22  5    the United States, by your counsel or by you, and that if

6    there are differences, that will not be a basis legal basis

7    for you to move to withdraw your plea?

8                    THE DEFENDANT:  Yes.

9                    THE COURT:  All right.  Sir, I know nothing about

13:22:41  10   your background.  And this is not included in the written

11   statement, but I want to ask it, anyway.  In the event, sir,

12   that you are not a United States citizen, do you understand

13   that a conviction is likely to have negative consequences on

14   your immigration status?  And in the event that that applies

13:23:09  15   to you, sir, have you discussed it with Ms. Gorman?  It may

16   not apply.

17                    THE DEFENDANT:  It doesn't apply.

18                    THE COURT:  All right.  But I wanted to make it

19   certain.  You know, I'm don't think anyone that necessarily

13:23:24  20   looks at or knows what a person's citizenship may be.

21                    All right.  Sir, at this time I'm going to ask that

22   you be placed under oath, and I'm going to ask you a series of

23   questions designed to satisfy myself that you are legally

24   competent to consider offering a plea of guilty.

13:23:50  25                    THE CLERK:  Please raise your right hand.

1           (Defendant is sworn.)

2           THE CLERK:  If so, please say I do.

3           THE DEFENDANT:  I do.

4           THE CLERK:  Thank you.  You may be seated.

13:24:04  5           THE COURT:  Sir, how old are you?

6           THE DEFENDANT:  44.

7           THE COURT:  And what is the highest level of

8  schooling that you've completed?

9           THE WITNESS:  I'm sorry, ma'am?

13:24:13 10           THE COURT:  Highest level of schooling?

11           THE DEFENDANT:  14.

12           THE COURT:  And you read, write and understand

13  English; correct?

14           THE DEFENDANT:  Yes.

13:24:21 15           THE COURT:  That's clear to me based upon my

16  conversations with you.  Do you believe that you understand

17  these proceedings as they're happening today, sir?

18           THE DEFENDANT:  Yes.

19           THE COURT:  Sir, have you had the opportunity to

13:24:33 20  review a document entitled, Statement By Defendant in Advance

21  of Plea of Guilty, which has been prepared for your potential

22  signature?

23           THE DEFENDANT:  Yes.

24           THE COURT:  All right.  And have you reviewed the

13:24:48 25  contents of that document yourself?

1          THE DEFENDANT:  Yes.

2          THE COURT:  Have you had the opportunity to discuss

3     its consent with Ms. Gorman?

4          THE DEFENDANT:  Yes.

13:24:57  5          THE COURT:  Do you have any questions, sir, about

6     the contents of this document that you wish to ask either

7     Ms. Gorman or me or any changes at this time that you would

8     propose to the content?

9          THE DEFENDANT:  No.

13:25:11  10          THE COURT:  Do you understand, sir, that the

11     document is intended to encompass the entire agreement that

12     you have reached with the United States?  In other words,

13     there aren't any side agreements; is that your understanding?

14          THE DEFENDANT:  I'm sorry, ma'am?

13:25:30  15          THE COURT:  As -- do you understand that this

16     written document, which I will ask you to sign at a later

17     time, contains the entire agreement reached between you and

18     the United States?  In other words, there are no side

19     agreements.

13:25:48  20          THE DEFENDANT:  Yes.

21          MS. GORMAN:  Your Honor, may at this time I should

22     put something on the record.  It is correct that there are no

23     side agreements with the government.  This is our plea deal.

24     But there is another party perhaps involved in this.  It is

13:26:04  25     the state of Utah by way of Box Elder County attorney's

1    office.  Ms. Dain and I both had an opportunity to speak with

2    Brandon Maynard, the prosecutor who could potentially file

3    charges.  And that was part of our -- what took so long to

4    settle this case.  But Mr. Maynard has indicated to the both

13:26:23 5    of us that I would like on the record that due to Mr. Clark

6    being convicted in federal court, Box Elder County will not be

7    filing any charges.  In fact, the case was screened last

8    September.  He's declined to do that.  And he is aware that I

9    was putting that on the record today.  And I believe he spoke

13:26:44 10    with Ms. Dain, too.

11           THE COURT:  Ms. Dain; is that correct?

12           MS. DAIN:  Yes, Your Honor, I spoke with the

13    attorney, and he did indicate that they have reviewed the

14    case, and with the proceedings here in federal court they will

13:26:54 15    not be persuing any further charges.

16           THE COURT:  All right.  Mr. Clark, I'm certain as

17    this is a matter that has come up today, you've had much

18    opportunity to discuss it with Ms. Gorman.  And while I accept

19    and the record reflects that a state's attorney has indicated

13:27:18 20    that charges won't be filed against you in Box Elder County, I

21    have and the federal courts have no authority over them.  And

22    while I suspect that that is correct and you've made it part

23    of the record, I just want to make certain that you understand

24    that this Court has no jurisdiction and cannot enforce that.

13:27:48 25    We can't require them to file anything.  We can't require them

1    not to file anything.  Do you understand that?

2                 THE DEFENDANT:  Yes.

3                 THE COURT:  All right.  Knowing that, sir, and

4    knowing that this Court does not have authority over any state

13:28:05  5    entity and any state charges, do you still wish to go forward

6    today?

7                 THE DEFENDANT:  Yes.

8                 THE COURT:  Sir, other than what has been placed

9    upon the record and other than recommendations which may be

13:28:22 10    made by either or both parties at the time of sentencing, have

11    any threats or promises or other representations been made to

12    you that are causing you to offer a plea of guilty today?

13                 THE DEFENDANT:  No.

14                 THE COURT:  All right.  Have -- has either your

13:28:44 15    lawyer or any representative of the government, and in this

16    case it would be the federal government with reference to the

17    state's attorney, told you that you would receive probation or

18    any other form of leniency because of your plea?

19                 THE DEFENDANT:  No.

13:29:06 20                 THE COURT:  Have you discussed the case against

21    you, sir, and your plea with Ms. Gorman as much as you want

22    to?

23                 THE DEFENDANT:  Yes.

24                 THE COURT:  Any questions you want to ask of her

13:29:19 25    now?

1          THE DEFENDANT:  No.

2          THE COURT:  Sir, are you satisfied with

3  Ms. Gorman's services as your lawyer?

4          THE DEFENDANT:  Yes.

13:29:26  5          THE COURT:  Regarding your decision to enter into

6  this plea agreement and to offer a plea today, was that

7  decision made after full and careful thought?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Was it made with the advice of your

13:29:41  10  lawyer?

11          THE DEFENDANT:  Yes.

12          THE COURT:  Was it made with the full understanding

13  of your rights under the United States Constitution?

14          THE DEFENDANT:  Yes.

13:29:49  15          THE COURT:  Was it made with a full understanding

16  of the facts and circumstances of your case including the

17  evidence that would be likely against you as well as any

18  defenses you might have?

19          THE DEFENDANT:  Yes.

13:30:05  20          THE COURT:  Do you have -- at the time that

21  decision was made, did you have full understanding of the

22  consequences of entering a plea of guilty?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Sir, at the time that you decided to

13:30:21  25  enter into this agreement, were you under the influence of any

1   alcohol, drugs, medication or other intoxicants?

2           THE DEFENDANT:  No.

3           THE COURT:  Today, sir, as you appear in court, are

4   you under the influence of any drugs, alcohol, medication or

13:30:38  5   other intoxicants?

6           THE DEFENDANT:  No.

7           THE COURT:  Other than what might be considered

8   normal nervousness at appearing in court and offering a plea

9   of guilty, do you have mental reservations, sir, about what

13:30:54  10   you are doing?

11           THE DEFENDANT:  No.

12           THE COURT:  Sir, you indicated that you reviewed

13   the document, Statement By Defendant in Advance of Plea of

14   Guilty, and understood its contents.  That document contains a

13:31:11  15   recitation of your constitutional rights.  However, because of

16   their importance to you and because if I accept a plea of

17   guilty, you will be giving up each and every one of those

18   rights and there will be no trial, I want to go over those

19   rights with you on the record and then I will ask you some

13:31:37  20   questions concerning them.

21           Sir, you have a right to continue in your plea of

22   not guilty.  You have a right to proceed to trial.  You would

23   have a right to have a jury trial made up of 12 citizens of

24   the District of Utah, which happens also to be the state of

13:31:59  25   Utah.  You would have the right to have an open public trial.

1  You would have the right to require the United States to

2  present in open court its witnesses and evidence against you.

3  Just as you have had at each of the critical stages of the

4  prosecution against you, you've been represented by counsel,

13:32:23  5  in this case, Ms. Gorman, and you would continue to have the

6  right to be represented by her.  Through her services, sir,

7  you would have the right to confront and cross-examine all

8  witnesses against you.  And you would have the right through

9  your counsel to challenge the introduction of evidence against

13:32:49  10  you.

11  Sir, you would have the right to call witnesses of

12  your own at government expense.  You would have the right to

13  take the witness stand and testify in your own behalf, but if

14  you did so it would be under oath and subject to

13:33:08  15  cross-examination.  Or, sir, you could exercise your absolute

16  right under the United States Constitution to offer no

17  testimony against yourself, and no negative inference could be

18  drawn against you for your decision to remain silent.

19  You could not be found guilty, sir, of any offense

13:33:31  20  charged against you unless there was a unanimous verdict as to

21  your guilt.  And that would have to be based upon the finding

22  that the evidence of the United States as to each element of

23  the offense had been proved beyond a reasonable doubt.  In the

24  event, sir, that you were convicted of any offense as to that

13:33:56  25  offense, you would have the right to appeal from any legal

14

1    errors you believe were made during the course of the

2    prosecution, the trial and the sentencing process.

3           If I accept your plea of guilty, sir, you will be

4    giving up each and every one of those rights with the

13:34:18  5    exception of some limited rights to appeal, which if they

6    exist are included within this statement in advance of plea of

7    guilty.

8           Sir, do you understand that you have each of those

9    constitutional rights?

13:34:36  10          THE DEFENDANT:  Yes.

11          THE COURT:  And do you understand that if you enter

12   the plea today there you will be giving up each and every one

13   of them and there will be no trial?

14          THE DEFENDANT:  Yes.

13:34:47  15          THE COURT:  Knowing that, sir, do you still wish to

16   proceed?

17          THE DEFENDANT:  Yes.

18          THE COURT:  All right.  Ms. Dain, at this time,

19   would you summarize the agreement reached between Mr. Clark

13:35:02  20   and the United States?

21          MS. DAIN:  Yes, Your Honor.

22          Mr. Clark agrees to plead guilty to Count One of

23   the indictment.  He also agrees that under the Sex Offender

24   Registration and Notification Act that he will register and

13:35:16  25   keep the registration current in his -- for the location of

1    his residence, the location of his employment, and if he's a

2    student the location of his school.  That registration

3    requires the information to include his name, the address,

4    name and address of any place at which he will be employed or

13:35:32  5    a student.  He understands that he must update those

6    registrations no later than three business days after any

7    change of name, residence, employment or student status.  And

8    if he fails to do so, there is a potential for prosecution

9    under a separate criminal statute 18 United States Code

13:35:49  10   Section 2250 for failure to register, which is punishable by

11   fine or imprisonment or both.

12            Mr. Clark also agrees to cooperate with the United

13   States Probation Office in the completion of the probation

14   48 Financial Packet within three weeks of this change of plea.

13:36:10  15   Mr. Clark agrees that pursuant to Section 18 United States

16   Code Section 2259 and Section 3663A that he's obligated to

17   make restitution, and that the court, Judge Campbell, will be

18   obligated to order that restitution.  He understands that the

19   amount of restitution and the scheduled payments will be set

13:36:32  20   at the sentencing, and he is liable for the full amount of

21   restitution owed.  There is a separate statute that governs

22   the payment of restitution, and Ms. Gorman has explained the

23   consequences of an order of restitution to him.

24            Mr. Clark also understands that the government will

13:36:53  25   recommend that the Court, and he agrees, that the Court should

16

1    order that even during the period of incarceration he will be

2    on a scheduled payments of $10 every three months or

3    50 percent of his income in prison, and he agrees to pay

4    during any period of incarceration.  And Mr. Clark agrees that

13:37:13  5    his payment of restitution should be -- is also a condition or

6    any term of probation or supervised release to continue during

7    that time.

8           Mr. Clark agrees to be placed on a Treasury Offset

9    Program and the State Finder in order to assist in the payment

13:37:31  10   of restitution.  He's also agrees to forfeit any interest in

11   several items that were related to the offense, including two

12   desktop computers, one laptop computer, one external hard

13   drive, two internal hard drives, two zip drives, four SD

14   cards, eight CDs, a video/audio recording device which

13:37:55  15   included a 2 gigabyte micro SD card.

16          And, Your Honor, I would like to place on the

17   record that I believe some of that is under the ownership of

18   other parties that were at the residence.  And we will make

19   every effort to return anything that does not contain

13:38:15  20   contraband to the parties, and actually would give that back.

21          Mr. Clark warrants that he's the sole owner of the

22   property above, which may not be the case.  He may have

23   control of those items is a better way to put it because

24   again, I think one of the computers is another family

13:38:32  25   member's.

1       He agrees to hold the United States agents and

2  employees harmless for any claims in connection with seizure

3  or forfeiture covered by this agreement.  He agrees to waive

4  all interest in any asset, in any administrative judicial

13:38:47  5  forfeiture proceeding, whether criminal or civil, state or

6  federal.  He agrees to an entry order of forfeiture under the

7  Rules of Criminal Procedure and that the forfeiture will be

8  incorporated into the sentencing and into the judgment.

9       He also agrees that to waive all constitutional

13:39:15 10  statutory challenges in any manner to this forfeiture

11  proceeding as to the property involved in this case.

12       Mr. Clark also agrees that if he fails to fulfill

13  any obligation under this plea agreement or withdraw his

14  guilty plea, he will not assert any claim under the United

13:39:36 15  States Constitution, any statute, Rule 410 of the Federal

16  Rules of the Evidence or Rule 11F of the Federal Rules of

17  Criminal Procedure or any other federal rule.  And his

18  statements made pursuant to this agreement or any leads

19  derived therefrom should be suppressed or inadmissible at any

13:39:50 20  trial hearing or other proceeding.

21       In exchange for that, the United States agrees to

22  dismiss Count Two at the time of sentencing to incorporate all

23  possible reductions available to Mr. Clark that are applicable

24  to his guideline range and to recommend that Mr. Clark should

13:40:10 25  be sentenced at the low end of the guidelines.

1    THE COURT:  Ms. Dain, is that the entire agreement

2    as was clarified with the clarifications made earlier as the

3    government understands it?

4    MS. DAIN:  Yes, Your Honor.

13:40:24  5    THE COURT:  All right.  And, Ms. Gorman?

6    MS. GORMAN:  It is, Your Honor.  I did want to

7    indicate that my client is not the sole owner.  It was marital

8    property.  And he is certainly agreeable to giving up any

9    right he has in whatever portion of that property.

13:40:41  10    Also there is not a restitution figure as of yet.

11    And as I indicated to Mr. Clark, I'm assuming that will be

12    counseling, things like that, and that that would be

13    submitted.  He does have insurance.  We haven't seen any bills

14    yet.  And again, there is no restitution as of yet.

13:41:02  15    THE COURT:  And I assume that that will be

16    determined by Judge Campbell.

17    MS. DAIN:  Yes, Your Honor.  We'll put something

18    together prior to sentencing.

19    THE COURT:  All right.  With those clarifications,

13:41:12  20    is that the entire agreement, Ms. Gorman, as you understand

21    it?

22    MS. GORMAN:  Yes, Your Honor.

23    THE COURT:  Mr. Clark, is that the entire agreement

24    as you understand it?

13:41:19  25    THE DEFENDANT:  Yes.

1        THE COURT:  All right.  Calling your attention now,

2   sir, to Page 3 of the Statement in Advance of Plea of Guilty,

3   I'm going to read into the record the statements of facts that

4   has been included therein, and then reminding you, sir, that

13:41:47  5   you're under oath, I'm going to ask you some questions about

6   it.

7        It states:  Between October 2009 and continuing

8   until February 2011, in the Northern Division of the District

9   of Utah, I knowingly used -- and by "I" it means you, sir --

13:42:04  10  knowingly used a child who was born in 1997 to engage in

11  sexually explicit conduct for the purpose of producing a

12  visual depiction of such conduct.  Specifically I

13  surreptitiously recorded the victim in the bathroom and also

14  photographed the sleeping child while I held her hands on my

13:42:29  15  penis and while I dangled my penis over her mouth.  To produce

16  the visual depiction of this sexually explicit conduct, I used

17  cameras and computer equipment that had been mailed, shipped

18  or transported in interstate or foreign commerce in violation

19  of Title 18 United States Code Section 2251A.

13:42:52  20      Sir, is that statement of facts true and correct?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Does it accurately describe your

23  conduct?

24          THE DEFENDANT:  Yes.

13:43:01  25          THE COURT:  Does it accurately describe your

1    intentions?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Does it accurately describe your

4    knowledge?

13:43:09  5              THE DEFENDANT:  Yes.

6              THE COURT:  Then at this time, Ms. Gorman, if your

7    client is prepared to sign the document.

8              I will also ask, Ms. Dain, do you believe the Court

9    has complied with Rule 11 requirements?  And if not, do you

13:43:31 10    have any suggested questions?

11             MS. DAIN:  No, Your Honor.  I believe the

12    compliance is complete and thorough.

13             THE COURT:  Ms. Gorman?

14             MS. GORMAN:  I believe it has been complied with,

13:43:41 15    as well.  And, Your Honor, we have all executed this.  Would

16    you like me to approach with it?

17             THE COURT:  Yes.  Thank you.

18             I acknowledge receipt of the written document,

19    Statement By Defendant in Advance of Plea of Guilty, signed by

13:43:59 20    Mr. Clark in open court.  It's also been signed by his counsel

21    and counsel for the United States.

22             Mr. Clark, at this time, I must finally ask you,

23    what is your, and formally, what is your plea to Count One of

24    the indictment, production of child pornography?

13:44:24 25             THE DEFENDANT:  Guilty.

1          THE COURT:  Sir, and you may be seated.  I accept

2    your plea of guilty, find that it was knowingly, voluntarily

3    and intelligently entered and that there was a factual basis

4    for the acceptance of the plea.

13:44:44   5          This matter will be set for sentencing or is set

6    for sentencing before Judge Campbell on September 10th at

7    2 o'clock p.m.

8          Ms. Dain?

9          MS. DAIN:  Your Honor, I'm sure we'll probably have

13:44:58  10   to contact the Court.  But the United States would be asking

11   Your Honor to sign an order for a psychosexual examination,

12   which would then bump that out to 120 days to account for the

13   additional time for the testing.  And I think that would put

14   it in about mid October.  But I don't know if you have

13:45:15  15   Judge Campbell's calendar to do that.

16          THE COURT:  We can take care of that.  But it

17   depends.

18          Ms. Gorman, are you in agreement?

19          MS. GORMAN:  I am, Your Honor.

13:45:25  20          THE COURT:  All right.  And --

21          MS. DAIN:  May I approach, Your Honor?

22          THE COURT:  Mr. McBride, are those dates

23   sufficient -- or I'm sorry.

24          PROBATION OFFICER:  That's okay.  On or after

13:45:40  25   October 17th.

1          THE COURT:  All right.  Thank you.

2          THE CLERK:  Sentencing is set for October 22nd at

3     2:00 p.m. before Judge Campbell.

4          MS. GORMAN:  Your Honor, I was wondering, could we

13:45:55 5     go the next day, Tuesday, as opposed to Monday?

6          THE CLERK:  Yes.  We can do Tuesday the 23rd at

7     2:00 p.m.

8          MS. GORMAN:  That would be great.

9          THE COURT:  And I have signed the order for

13:46:10 10    examination and the testing.

11         Mr. Clark, there will be two -- well, there will be

12    the examination which we've referenced and also the

13    preparation of a presentence report.  I advise you, sir, to

14    cooperate in the preparation of both of those matters.  Your

13:46:37 15    participation and cooperation will be in part relied upon by

16    Judge Campbell in making a sentencing determination.

17         Ms. Groussman, who is seated over your right

18    shoulder, will introduce herself to you.  And she will give

19    you information concerning the appointment that she will have

13:47:02 20    with you, the interview, and I think she can give you all

21    other information.

22         I did receive a written report from Mr. McBride

23    concerning Mr. Clark's participation and how he's done on

24    pretrial release.  That report indicates that he has been in

13:47:28 25    compliance in all regards.  Is there any reason to consider

1    any modifications or changes based on that?

2            MS. DAIN:  No, Your Honor.

3            MS. GORMAN:  No, Your Honor.

4            THE COURT:  All right.  Then, Mr. Clark, good luck

13:47:42  5    to you, sir.

6            THE DEFENDANT:  Thank you.

7            THE COURT:  All right.  Anything further?

8            MS. DAIN:  No.  Thank you, Judge.  Not from us,

9    Your Honor.  Thank you.

13:47:48  10            THE COURT:  Thank you.  We're in recess on this

11    matter.

12        (Whereupon, the court proceedings were concluded.)

13                    *   *   *   *   *

14

15

16

17

18

19

20

21

22

23

24

25

1    STATE OF UTAH          )

2                           ) ss.

3    COUNTY OF SALT LAKE  )

4              I, KELLY BROWN HICKEN, do hereby certify that I am

5    a certified court reporter for the State of Utah;

6              That as such reporter, I attended the hearing of

7    the foregoing matter on June 20, 2012, and thereat reported in

8    Stenotype all of the testimony and proceedings had, and caused

9    said notes to be transcribed into typewriting; and the

10   foregoing pages number from 3 through 24 constitute a full,

11   true and correct report of the same.

12             That I am not of kin to any of the parties and have

13   no interest in the outcome of the matter;

14             And hereby set my hand and seal, this _____ day of

15   _____ 2014.

16

17

18

19

20             _____

21                    KELLY BROWN HICKEN, CSR, RPR, RMR

22

23

24

25